<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LYDIA M. COUCH,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH PARKING AUTHORITY *et al.*,<br><br>　　Defendants. | No. 25cv17748 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Lydia M. Couch seeks to bring claims under 42 U.S.C. § 1983 for deprivation of due process against Defendants the Elizabeth Parking Authority ("EPA"), EPA Executive Director Carla A. Mazza, EPA Chairman Gisela Bernal-Castro, EPA Vice-Chairman Ezzio A. Bustamante-Varia, and EPA Commissioners Kelly Taylor, George Hernandez, Matthew D. Rinaldo, Maritza A. Maseda, and John F. Bernal.  D.E. 1 ("Complaint" or "Compl.").  Couch seeks to proceed *in forma pauperis* ("IFP").  D.E. 1-1 ("IFP Application").  Because Couch's IFP Application is incomplete and inaccurate, the Court will **DENY** her IFP Application.

## I.    BACKGROUND

The EPA issued Couch a parking ticket pursuant to N.J. Stat. Ann. § 39:4-138, on October 15, 2025 while she sat in the driver's seat of her vehicle.[1]  Compl. at 5.  Couch contends that it was improper for EPA to have issued her a ticket because she—the driver—was present in the vehicle and able to move it.  *Id.*  According to her, she could not have been considered "parked."  *Id.*

---

[1] N.J. Stat. Ann. § 39:4-138 prohibits standing or parking a vehicle in various places, such as an intersection, a crosswalk, or in front of a public or private driveway.

Couch attempted to dispute the ticket with the EPA, but according to her, the "EPA refused to provide any written policy, and instructed [her] to 'contest it in municipal court.'"[2]  *Id.* (quoting some unspecified communication from the EPA).  Couch contends that the EPA's instruction that she must contest a parking ticket in municipal court was a "denial of administrative process [and] violates [her] rights to due process under the Fourteenth Amendment of the U.S. Constitution and under Article 1, paragraph 1 of the New Jersey Constitution."  *Id.* at 5.  Couch further contends that this deprivation is actionable under 42 U.S.C. § 1983 and as retaliation for some unspecified act.  *Id.*

Couch alleges she suffered "emotional distress, anxiety, mental anguish, and frustration" from EPA's repeated denial of due process.  *Id.* at 7.  Couch further alleges that the EPA "deprived [her] of peace of mind, caused sleep disturbance, and cause[d] significant emotional injury . . . ."  *Id.*  Couch seeks monetary damages in the amount of $500,000 to redress her emotional distress.  *Id.*  She also seeks punitive damages.  *Id.*

## II.    LEGAL STANDARD AND ANALYSIS

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

Couch's IFP Application suffers from multiple deficiencies.  *First*, Couch declares in her IFP Application that she receives $998.25 in monthly disability payments and $1,150 in monthly payments for food stamps, but she reports her total monthly income only as $998.25.  IFP Application at 2.  *Second*, although the instructions for the IFP Application instruct her not to leave

---

[2] Couch does not explain what written policy she requested from the EPA or why it was obligated to provide it to her.

any blanks, *id.* at 1, Couch leaves blanks for nearly every entry in the section for income sources and instead includes a large "NA" scribbled across the page, *see id.*  Couch similarly includes a single large "NA" scribble for multiple other sections of the IFP Application. *See id.* at 2–4.  Couch must comply with the IFP Application's instructions and properly respond to every question in the IFP Application.

*Third*, Couch answered that she expected major changes to her monthly income or expenses in her assets or liabilities during the next twelve months, but did not provide any further information despite the IFP Application instructing her to do so.  *Id.* at 5 ("If yes, describe on an attached sheet.").  Lastly, Couch signed her IFP Application with a note that she was "[r]eserving all [and] any rights under U.C.C. 1-308."  It is not clear why Couch cites to the Uniform Commercial Code.  Her IFP Application is an affidavit, not a contract.  *See id.* at 1 ("Affidavit in Support of Application").  Plaintiff has therefore failed to submit a properly filled out application to proceed IFP.

## III.    CONCLUSION AND ORDER

Having determined that Couch failed to submit a proper application to proceed *in forma pauperis*, the Court will **DENY** Couch's IFP Application ***without prejudice***.  Given the denial of Couch's IFP Application, the Court cannot screen Couch's Complaint under 28 U.S.C. § 1915. Accordingly,

**IT IS**, on this **10**[th] day of  April, 2026, for the foregoing reasons,

**ORDERED** that Couch's IFP Application, D.E. 1-1, is **DENIED** ***without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall mark the Complaint, D.E. 1, received; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this action due to Couch's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that the Clerk of Court shall provide Couch with a blank Form AO 239 (DNJ-Pro Se-007-A-(Rev.01/2015)) by regular U.S. mail; and it is further

**ORDERED** that Couch has **thirty days** from the date of entry of this Order to submit either (1) a complete and accurate *in forma pauperis* application or (2) pay the filing and administrative fees pursuant to 28 U.S.C. § 1914(a) and District of New Jersey Local Civil Rules, Appendix K; and it is further

**ORDERED** that upon receipt of a complete and accurate *in forma pauperis* application or the payment of the filing and administrative fees, the Court will direct the Clerk of Court to reopen this case; and it is finally

**ORDRED** that the Clerk of Court shall serve a copy of this Order upon Couch by regular U.S. mail.

Evelyn Padin, U.S.D.J.

4